IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ELVIA JONES**                                                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:14-CV-32-KS-MTP**

**ENTERPRISE LEASING COMPANY-
SOUTH CENTRAL LLC, et al.**                                                       **DEFENDANTS**

### M<small>EMORANDUM</small> O<small>PINION AND</small> O<small>RDER</small>

For the reasons stated below, the Court **grants** Plaintiff's Motion to Remand [4]. This case shall immediately be remanded to the Circuit Court of Covington County, Mississippi. The Court **denies** Defendants' Motions to Strike [10, 14, 15] as **moot**.

Defendant removed this case [1] on March 7, 2014, claiming the Court has diversity jurisdiction. Plaintiff filed her Motion to Remand [4] on March 10, 2014. The only disputed issue is whether the amount in controversy exceeds the jurisdictional threshold.

This Court has removal jurisdiction of all cases in which it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Defendants, as the removing parties, have the burden of demonstrating "that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore*, 706 F.3d 680, 684-85 (5th Cir. 2013). Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of

removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

When a plaintiff claims a specific amount of damages in her complaint, the sum "controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). But "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain [s]he will not be able to recover more than the" jurisdictional threshold. *Id.* at 1411. In addressing the current motion, the Court will assume that Defendants can show that the amount in controversy exceeds the jurisdictional threshold.

Plaintiff, therefore, must demonstrate that, as a matter of law, she will not be able to recover more than $75,000. She provided an affidavit [17-1][1] in which she swore that she seeks $74,900 in damages, and that she would not "ask for, seek, . . . accept," or "seek to collect" more than that amount. She also waived her right to amend the pleadings at any time during litigation.

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "[P]ost-removal affidavits may be considered in determining the amount of controversy at the time of removal . . . only if the basis for jurisdiction is ambiguous at the time of

---

[1] Plaintiff filed a similar affidavit [5, 6] with her Motion to Remand, but Defendants filed motions to strike it [10, 14, 15]. The supplemental affidavit does not suffer from the same deficiencies as the previous one, and – for reasons stated below – the Court may consider it in determining the amount in controversy.

removal." *Id.* "Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.*

Plaintiff demanded $74,900 in her Complaint [1-7] and alleged that she sustained "serious," permanent injuries which led to "substantial" medical expenses. She claims to have experienced "excruciating physical and mental pain" and "disabilities" caused by Defendants' negligence, but she did not demand punitive damages. Prior to removal she demanded $90,000 [1-4] to settle the case, refused to admit that she was not claiming punitive damages or lost wages [1-5], and claimed medical bills and lost wages [1-3] in the amount of $10,372.81. In light of these inconsistencies, the Court concludes that the true amount in controversy was ambiguous at the time of removal. Further, as Plaintiff did *not* demand punitive damages in her Complaint, the Court finds that it is not facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional threshold. For these reasons, the Court may consider Plaintiff's affidavit [17-1]. *Id.*

As noted above, Plaintiff swore – without equivocation – that she would not seek or accept more than $74,900 in damages in this matter, and she waived her right to amend the pleadings. This is sufficient to demonstrate that, "as a matter of law, it is certain [s]he will not be able to recover more than the" jurisdictional threshold. *De Aguilar*, 47 F.3d at 1411; *see also Handshoe v. Broussard*, No. 1:13-CV-251-LG-JMR, 2013 U.S. Dist. LEXIS 135740, at *5 (S.D. Miss. Sept. 23, 2013); *Donaldson v. Ovella,*

3

No. 1:12-CV-397-LG-JMR, 2013 U.S. Dist. LEXIS 36802, at *4 (S.D. Miss. Mar. 18, 2013); *Givens v. Food Giant Supermarkets, Inc.*, 4:11-CV-29-SA-DAS, 2011 U.S. Dist. LEXIS 120201, at *4 (N.D. Miss. Oct. 17, 2011). Of course, any attempt to circumvent the stipulation would raise serious questions as to whether Plaintiff and her counsel committed fraud on the Court potentially subject to sanctions. *See Hughes v. Safeco Ins. Co.*, 3:11-CV-200-CWR-FKB, 2011 U.S. Dist. LEXIS 155691, at *4 (S.D. Miss. June 14, 2011); *Doss v. NPC Int'l, Inc.*, 4:10-CV-17-SA-DAS, 2010 U.S. Dist. LEXIS 42318, at *19 n. 5 (N.D. Miss. Apr. 29, 2010); *Culpepper v. Wal-Mart Stores E., Inc.*, 4:08-CV-16-SA-DAS, 2009 U.S. Dist. LEXIS 11045, at *12 (N.D. Miss. Feb. 13, 2009).

The Court **grants** Plaintiff's Motion to Remand [4]. This case shall immediately be remanded to the Circuit Court of Covington County, Mississippi. The Court **denies** Defendants' Motions to Strike [10, 14, 15] as **moot**.

SO ORDERED AND ADJUDGED this 8^(TH) day of April, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE